UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 16-91 |
| MIGUEL L. JOSEPH | SECTION "R" |

## **ORDER AND REASONS**

Defendant Miguel L. Joseph moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, Joseph's motion is denied.

## **I. BACKGROUND**

On January 4, 2017, Joseph pleaded guilty to distribution of heroin and conspiracy to distribute heroin, in violation of 21 U.S.C. § 841, and use of a communication facility for the commission of drug crime, in violation of 21 U.S.C. § 843.[2] On the day he pleaded guilty, Joseph and the government's attorneys signed a factual basis, in which Joseph stipulated that the amount of heroin "involved in the conspiracy attributable to him" was "at least one

---

[1] R. Doc. 186.
[2] R. Doc. 1; R. Doc. 101.

hundred (100 grams) but less than four hundred (400) grams."[3] Pursuant to his plea agreement, the government agreed to recommend at the time of sentencing that Section 2D1.1(c)(8) of the United States Sentencing Guidelines should apply to the calculation of Joseph's base offense level.[4] That provision applies to offenses involving at least 100 but not more than 400 grams of a substance containing a detectable quantity of heroin. In his plea agreement Joseph also waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.[5]

Judge Kurt Englehardt accepted the plea agreement, and on April 12, 2017, sentenced Joseph to 125 months imprisonment.[6] Within one year of this sentence, Joseph filed the instant motion to vacate under 28 U.S.C. § 2255, on the ground that he received ineffective assistance of counsel.[7]

---

[3] R. Doc. 103 at 3.
[4] R. Doc. 102 at 1.
[5] *Id.* at 3.
[6] R. Doc. 141. This case was subsequently transferred to this Section. R. Doc. 185.
[7] R. Doc. 186 (dating his motion as April 3, 2018).

## II. STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-

frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the

4

outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must meet both prongs of the *Strickland* test and, if the Court finds that the petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the

strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). As to the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Joseph first argues that his counsel was ineffective by failing to object at sentencing to the amount of heroin for which he was responsible.[8] Joseph states that he was in fact responsible for only 1.6 grams of heroin.[9] This contention is without merit. In the factual basis, Joseph admits that

> the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is at least one hundred (100)

---

8 R. Doc. 186 at 4.
9 *Id.*

6

grams but less than four hundred (400) grams of a substance containing a detectable quantity of heroin.[10]

Joseph signed the factual basis.[11] Documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." *See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994). Further, at his rearraignment hearing, Joseph swore under oath that he read the factual basis, reviewed it with his attorney, and that the facts contained in the factual basis were correct.[12] These declarations in open court are presumed to be truthful and "constitute a formidable barrier in any subsequent collateral proceedings." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Joseph also argues that his counsel was ineffective by failing to review the presentence investigation report with him until the day of his sentencing. This argument is meritless. Joseph stated at his sentencing hearing that he read the report or had it read to him prior to the day on which he was sentenced.[13] Again, this declaration in open court is presumed to be truthful, and is a "formidable" bar to any collateral attacks. *Id.* Joseph also explicitly waived his right to review the presentence investigation report for the full 35

---

10     R. Doc. 103 at 3.
11     *Id.* at 4.
12     Rearr. Hr'g 26, Jan. 4, 2017.
13     Sent. Hr'g 3, Apr. 12, 2017.

days provided in the Federal Rules of Criminal Procedure.[14] Further, even if his counsel did not go over the report with him prior to the day he was sentenced, Joseph has not shown how this failure resulted in any prejudice. He does not demonstrate that but for this failure, he would have raised a specific objection that would have ultimately affected his sentence.

The Court finds that an evidentiary hearing is not required, because Joseph has failed to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Instead, the record conclusively shows that Joseph is not entitled to relief. *See* 28 U.S.C. § 2255(b).

### B. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting

---

14 *Id.* at 3-4.

that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons set forth in this order, Joseph has not made a substantial showing of the denial of a constitutional right.

## II. CONCLUSION

For the foregoing reasons, Joseph's motion to vacate is DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___13th___ day of June, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE