UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-91 |
| MIGUEL L. JOSEPH | SECTION "R" |

### ORDER AND REASONS

Miguel Joseph moves for compassionate release.[1] The Government opposes the motion.[2] Because Joseph has not shown that he meets the requirements for compassionate release, the Court denies the motion. The Court also denies Joseph's motion to appoint counsel.[3]

### I.  BACKGROUND

On January 4, 2017, Joseph pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846, distribution of heroin in violation of 21 U.S.C. § 841, and unlawful use of a communications facility in violation of 21 U.S.C. § 843.[4]

---

[1]  *See* R. Doc. 199.
[2]  *See* R. Doc. 205.
[3]  *See* R. Doc. 200.
[4]  *See* R. Doc. 101.

According the factual basis Joseph signed, the conspiracy involved at least 100 grams but less than 400 grams of heroin.[5] Joseph sold heroin to an undercover agent on three occasions—November 20, 2014;[6] January 13, 2015;[7] and September 17, 2015.[8] On April 12, 2017, Judge Kurt Engelhardt sentenced Joseph to 125 months' imprisonment, to be followed by four years of supervised release.[9] Joseph's case was transferred to this Court on June 26, 2018.[10] Joseph is incarcerated at Oakdale I FCI and has a projected release date of August 16, 2024.[11]

## II. DISCUSSION

### A. Exhaustion

Before a federal court will assess the merits of a compassionate release, defendants must show they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by

---

[5]   *Id.* at 3.
[6]   R. Doc. 103 at 1-2.
[7]   *Id.* at 2.
[8]   *Id.*
[9]   *See* R. Doc. 141 at 1-3.
[10]  *See* R. Doc. 185.
[11]  *See* Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited September 27, 2020).

the warden of the defendant's facility." 18 U.S.C. § 3582. The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *2 (5th Cir. 2020 Sept. 3, 2020).

Joseph sent a request for compassionate release to the warden of Oakdale I FCI on April 10, 2020.[12] Nothing in the record reflects that the warden responded to his request. Since more than 30 days have passed since defendant requested compassionate release from the warden, the Court finds that Joseph satisfied the exhaustion requirement. The Court proceeds to the merits of Joseph's motion.

### B. Extraordinary and Compelling Reasons

Joseph does not satisfy any of the other requirements for compassionate release. Courts grant compassionate release only when (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The application notes identify three discrete "extraordinary and compelling reasons" that could warrant a reduction: a "terminal illness" or a medical

---

[12]   R. Doc. 199-1.

3

condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily [c]ircumstances" that increase one's caregiving responsibilities. *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed). The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons." *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Joseph asserts that his hypertension amounts to an "extraordinary and compelling reason" meriting compassionate release. Joseph argues that persons with hypertension are at an increased risk of severe illness in light of the COVID-19 pandemic.[13] As the Government notes,[14] Joseph's medical records show that his hypertension has been remission since May 10, 2018.[15] In all events, Joseph has not shown that he has a terminal illness, or that he has a medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility. Consequently, the Court finds that Joseph's hypertension does not constitute an extraordinary or compelling reason meriting compassionate release.

---

[13]     R. Doc. 199 at 6.
[14]     R. Doc. 205 at 12-13.
[15]     R. Doc. 205-2 at 17.

4

The heart of Joseph's claim is a generalized fear of COVID-19.[16] But generalized fear of the virus does not rise to an "extraordinary and compelling reason" justifying release. *See, e.g., Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Marco Perez-Serrano*, No. 13-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release."). Moreover, Oakdale I FCI reports only 3 positive COVID-19 cases[17] among a total inmate population of 892.[18]

Joseph has not shown that he satisfies the alternative grounds for compassionate release. If a defendant's medical conditions do establish the requisite "extraordinary and compelling reasons," there remain additional considerations that could lead to compassionate release. Specifically, courts may consider a defendant's (b) "[a]ge"—starting at age 65, (c) "[f]amily [c]ircumstances," having to do with a sudden increase in the defendant's

---

[16]  *See* R. Doc. 199 at 6.
[17]  Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited September 27, 2020).
[18]  Federal Bureau of Prisons, *Inmate Population Breakdown*, https://www.bop.gov/mobile/about/population_statistics.jsp#ccm_pop_table (last visited September 27, 2020).

caregiving responsibilities, and (d) "other reasons," an open category that can only be defined by the Bureau of Prisons. *See* U.S.S.G. § 1B1.13, application note 1. These alternative grounds, however, do not apply to Joseph. He is 34 years old;[19] he has not claimed that his family circumstances have changed; nor has the BOP set out "other reasons" that are applicable here.

Finally, when determining whether to grant compassionate release under 18 U.S.C. § 3582(a)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(a)(1)(A). Those factors, specifically "need for the sentence imposed . . . to reflect the seriousness of the offense," militate heavily against Joseph's compassionate release. Joseph is convicted of serious drug trafficking offenses. He has served approximately 52 months of a 125-month of imprisonment sentence.[20] The Court finds that defendant's sentence would not "reflect the seriousness of the offense" were he released before serving half of his term of imprisonment.

---

[19]   *See* Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited September 27, 2020).
[20]   *See* R. Doc. 141 at 2.

### C. Appointment of Counsel

Joseph also moved for the Court to appoint counsel to assist him with his compassionate release motion.[21] There is no constitutional or statutory right to counsel beyond direct appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). A Court may appoint counsel in a compassionate release proceeding if it finds doing so would be "in the interest of justice." *United States v. Delco*, No. 09-57, 2020 WL 4569670, at * 2 (E.D. La. Aug. 7, 2020); *United States v. Mogan*, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020); *cf. United States v. Moore*, 400 F. App'x 851, at *1 (5th Cir. 2010) ("There is no right to appointed counsel in a § 3582(c)(2) proceeding . . . . Moreover, the interest of justice did not require the appointment of counsel."); *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (appointing counsel on appeal to argue unresolved questions of Fifth Circuit law). Because Joseph's motion does not involve complicated or unresolved issues, the interest of justice do not require the appointment of counsel.

---

[21]   *See* R. Doc. 200.

7

## III. CONCLUSION

For the foregoing reasons, Joseph's motion for compassionate release is DENIED and his motion for appointment of counsel is DENIED.

New Orleans, Louisiana, this __28th__ day of September, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE