UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                                          NO. 16-91

MIGUEL L. JOSEPH                                                    SECTION "R"

## ORDER AND REASONS

Before the Court is defendant Miguel Joseph's motion for compassionate release.[1] The Government opposes the motion.[2] This is defendant's second such motion.[3] Because the defendant has not shown that he has exhausted his administrative remedies, and because he does not meet the requirements for compassionate release, the Court denies his motion.

## I. BACKGROUND

On January 4, 2017, Miguel Joseph pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846, distribution of heroin in violation of 21 U.S.C. § 841, and unlawful use of a communications facility in violation of 21 U.S.C. § 843.[4] According the factual basis Joseph signed, the conspiracy involved

---

[1] R. Doc. 221.
[2] R. Doc. 230.
[3] *See* R. Doc. 199.
[4] *See* R. Doc. 101.

at least 100 grams but less than 400 grams of heroin.[5] Joseph sold heroin to an undercover agent on three occasions: November 20, 2014;[6] January 13, 2015;[7] and September 17, 2015.[8] On April 12, 2017, Judge Kurt Engelhardt sentenced Joseph to 125 months' imprisonment, to be followed by four years of supervised release.[9] Joseph's case was transferred to this Court on June 26, 2018.[10] On August 17, 2020, defendant moved for compassionate release, citing a fear of contracting COVID-19.[11] The Court denied the motion.[12]

On August 20, 2021, defendant again moved for compassionate release.[13] He argues that he remains at risk of contracting COVID-19, and represents that he currently suffers from the effects of a previous COVID infection.[14] Specifically, Joseph states that he suffers from shortness of breath, occasional nausea, and sudden dizziness.[15] Defendant requests to

---

[5] *Id.* at 3.
[6] R. Doc. 103 at 1-2.
[7] *Id.* at 2.
[8] *Id.*
[9] *See* R. Doc. 141 at 1-3.
[10] *See* R. Doc. 185.
[11] R. Doc. 199.
[12] R. Doc. 213.
[13] R. Doc. 221.
[14] *Id.* at 2.
[15] *Id.*

serve the remainder of his sentence in home confinement.[16] He is currently incarcerated at Oakdale I FCI, and has a projected release date of August 16, 2024.[17]

The Government opposes defendant's motion, arguing that he has not exhausted, or even pursued, his administrative remedies.[18] The Government also contends that defendant's alleged health conditions are unsupported by his medical records, and do not, in any case, warrant compassionate release, especially given defendant's vaccination status and previous recovery from COVID-19.[19] The Government also argues that the sentencing factors in 18 U.S.C. § 3553(a) weigh against defendant's release.[20]

The Court considers defendant's motion below.

## II. DISCUSSION

### A. Compassionate Release

As a threshold matter, Joseph has not shown that he has satisfied the exhaustion requirement for compassionate release. The statute provides

---

[16] *Id.* at 1, 3.
[17] *See* Fed. Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc.
[18] R. Doc. 230 at 2, 5-8.
[19] *Id.* at 10-18.
[20] *Id.* at 18-20.

that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has made clear that this exhaustion requirement is a "mandatory claim-processing rule" that the Court "*must* enforce." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting that a failure to exhaust administrative remedies is "a glaring roadblock foreclosing compassionate release").

Here, Joseph does not claim nor submit any evidence that he requested relief from the warden of his facility.[21] Indeed, the Government indicates in its opposition that it contacted counsel for the Bureau of Prisons ("BOP"), and was told that defendant's facility has no record of a request from Joseph to the warden.[22] Joseph did not file a reply to the Government's memorandum, nor otherwise dispute this assertion. Because Joseph has failed to show that he satisfies the exhaustion requirement under 18 U.S.C.

---

[21] *See generally* R. Doc. 221.
[22] R. Doc. 230 at 6.

§ 3582(c)(1)(A), the Court may not grant his request for compassionate release.

Even if defendant had properly shown that he exhausted his administrative remedies before pursuing release in this Court, he has failed to otherwise show that he is entitled to compassionate release. Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the Bureau of Prisons, "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)"). Joseph's request for compassionate release fails to meet this standard.

Here, the § 3553(a) factors, specifically the "history and characteristics of the defendant," and the "need for the sentence imposed . . . to reflect the seriousness of the offense," 18 U.S.C. § 3553(a), militate against defendant's release. Defendant's factual basis indicates that he engaged in multiple illicit drug transactions over the course of nearly a year.[23] The conspiracy involved

---

[23]   R. Doc. 103.

at least 100 grams of heroin attributable to Joseph.[24] More critically, he has served only 94 months of his 125-month prison sentence. Joseph's sentence would not reflect the seriousness of his crimes if he were released after serving only three quarters of his term of imprisonment. Moreover, defendant's disciplinary history in prison further disfavors release. BOP records indicate that he has violated prison rules on multiple occasions, including by possessing a non-hazardous tool, failing to stand count, and refusing a work assignment.[25] The Court finds that granting Joseph's motion would not be consistent with the sentencing factors in § 3553(a). *See Shkambi*, 993 F.3d at 393.

Furthermore, defendant has fallen far short of demonstrating that there are "extraordinary and compelling reasons" meriting his release. 18 U.S.C. § 3582(c)(1)(A)(i). In support of his motion, defendant cites the risks posed by the COVID-19 pandemic.[26] He represents that, at the time of his motion, other inmates at his facility had tested positive for the Delta variant of COVID-19, and that his facility had a low vaccination rate.[27] He also states

---

[24] *Id.* at 3.
[25] R. Doc. 230-2.
[26] R. Doc. 221.
[27] *Id.* at 2.

that he contracted COVID in April of 2020, and, "as a result[,] suffers from shortness of breath, occasional nausea, and sudden dizziness."[28]

These are not "extraordinary and compelling reasons" warranting compassionate release. Defendant is only 35 years old,[29] and is generally healthy. His medical records do not corroborate his claims regarding post-COVID symptoms,[30] and even if they did, those symptoms are far from extraordinary. Importantly, defendant does not purport to have any underlying health conditions putting him at unique risk of illness. He instead reports a series of "occasional" symptoms that he speculates are a result of contracting COVID nearly two years ago. This is insufficient to support a request for compassionate release. *See United States v. Payne*, No. 14-86, 2021 WL 53313, at *2 (E.D. La. Jan. 6, 2021) (finding that defendant's post-COVID "shortness of breath does not amount to a serious and compelling medical condition warranting compassionate release."). In fact, Joseph's prior recovery from COVID-19 tends to undermine any claim that he is at "extraordinary" risk of severe illness should he contract it again. *See*

---

[28] *Id.*
[29] *See* R. Doc. 230-1 at 1 (indicating a date of birth of August 22, 1986).
[30] Medical records dated October 6, 2021, approximately six weeks after defendant filed his motion for compassionate release, indicate that defendant was not experiencing a cough, shortness of breath, fatigue, body aches, sore throat, diarrhea, headache, loss of taste or smell, nausea or vomiting. *Id.* at 67.

*id.* (finding that defendant's prior recovery from COVID-19 indicates that "the care and treatment [he] is receiving while incarcerated is adequate to combat COVID-19").

Furthermore, defendant has received the COVID-19 vaccine, which offers strong protection against severe illness from the virus. Joseph's medical records indicate that he received two doses of the Pfizer vaccine, the first on April 14, 2021,[31] and the second on May 5, 2021.[32] This further subverts defendant's assertion that his health situation is somehow extraordinary or compelling. *See United States v. Gibson*, No. 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021) ("Courts have held that, once vaccinated, the efficacy of the COVID-19 vaccines preclude the argument that a prisoner's susceptibility to the disease is extraordinary and compelling for purposes of § 3582(c)(1)(A).").

Because defendant has not established that he is at high risk of severe illness from COVID-19, and because a generalized fear of COVID-19 does not warrant compassionate release, s*ee Raia*, 954 F.3d at 597, defendant has not shown "extraordinary [or] compelling reasons" meriting release under § 3582(c)(1)(A)(i).

---

[31]    *Id.* at 97.
[32]    *Id.* at 92.

### B. Home Confinement

Joseph also requests that the Court order home confinement.[33] The Court is unable to do so. The decision to order home confinement is statutorily reserved to BOP. *See* 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and that "a designation of a place of imprisonment . . . is not reviewable by any court"); *see also United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[A] court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration."). Accordingly, the Court must deny Joseph's request for home confinement.

---

[33] R. Doc. 221 at 5 ("Miguel Joseph . . . prays this Honorable Court grant his motion for reduction of sentence by two years, and afford him the opportunity to serve the remainder of his 36-months on home confinement.").

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __21st__ day of January, 2022.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE